# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05 CV 255

| | |
|---|---|
| NOVELETTE BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| ) | |
| EQUIFIRST CORPORATION, TIM ) | |
| FORRESTER and WENDY SIDLES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motions to Dismiss"(Document No. 12), and Defendants Tim Forrester and Wendy Sielles' [*sic*] Memorandum of Law in Support of Defendants' Motions to Dismiss" (Document No. 13), filed January 12, 2006, and Plaintiff's response to the motions to dismiss (Document No. 18), filed August 31, 2006. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review.

Having fully considered the papers, the record, applicable authority, and the arguments of the parties at a Status and Motions Hearing on April 24, 2007, the undersigned will respectfully recommend that Defendants' motion be granted.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 2, 2005, the pro se Plaintiff filed her Complaint alleging a cause of action under Title VII of the Civil Rights Act of 1964 for race and gender based discrimination by her employer, EquiFirst Corporation, as well as supervisors Tim Forrester and Wendy Sidles ("Defendants").

Specifically, Plaintiff alleges that Mr. Forrester, "harrased [sic] me on a daily basis ... refused to properly train me, refused me overtime ..." continuously yelled at her, and made offensive comments to her based on her race and/or national origin. As a result, Plaintiff alleges mental and emotional injury as well as pecuniary losses. Plaintiff's Complaint requests reinstatement of her employment along with earned bonuses and benefits and a salary increase.

Defendants filed an Answer on November 28, 2005. Individual defendants Forrester and Sidles then filed their "Motions to Dismiss" on January 12, 2006. The Court in its August 10, 2006 Order (Document No. 17) effectively gave Plaintiff a Roseboro notice and directed the Plaintiff to file a response to the "Motions to Dismiss" by August 31, 2006 or risk dismissal. A letter from the Plaintiff in response (Document No. 18) was filed August 31, 2006.

## II. DISCUSSION OF CLAIMS

Defendants Forrester and Sidles contend that the action against them should be dismissed on the grounds of (1) Fed.R.Civ.P. 12(b)(5), insufficient service of process, and, (2) Fed.R.Civ.P. 12 (b)(6), failure to state a claim upon which relief can be granted..

First, Defendants argue that Fed.R.Civ.P. 4(e) provides that service upon an individual may be effected

> ...by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Here, Defendants were all served by certified mail at their business address. The individual Defendants contend that this service was improper and that absent waiver or consent, failure to

obtain proper service on a defendant deprives a court of personal jurisdiction over the defendant.

Second, Defendants Forrester and Sidles contend that even if Plaintiff's allegations were true, the claim does not state a claim for relief available under Title VII, 42 U.S.C. § 2000e et seq. ("Title VII"). They argue that Title VII does not allow individuals to be held liable for discrimination, but instead places liability on the employer. Defendants specifically rely on <u>Lissau v. Southern Food Service, Inc.</u>, 159 F.3d 177 (4th Cir. 1998). In that case, the Fourth Circuit noted:

> ... a large number of circuit courts have held that individual supervisors are not liable under Title VII. In fact, every circuit that has confronted this issue since the enactment of the CRA has rejected claims of individual liability. ... We join these courts and reiterate that supervisors are not liable in their individual capacities for Title VII violations.

<u>Lissau</u>, 159 F.3d at 181.

Despite her commendable self-representation, Plaintiff has not been able to articulate a legal argument to refute Defendants' contention. Furthermore, Plaintiff acknowledges that although she was confident her rights had been violated, she was not exactly certain whom to sue for those violations.

The undersigned finds Defendants' second argument persuasive and declines to address the first argument regarding proper service. Defendants' 12(b)(6) argument provides sufficient support for its motion, and the undersigned will therefore respectfully recommend that "Defendant's Motion to Dismiss..." be <u>granted</u>.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned Magistrate Judge respectfully recommends that Defendants' "Motions to Dismiss" (Document No. 12) be **GRANTED** and that

the Complaint against the individual Defendants, Forrester and Sidles, be **DISMISSED WITH PREJUDICE**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum and Recommendation must be filed with the district court within ten (10) days of receipt. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); and United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 24, 2007

David C. Keesler
United States Magistrate Judge